IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLES E. THEIS, | CV 17-79-M-DLC-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| CAPTAIN JOEL T. SHEARER and PROVIDENCE ST. JOSEPH MEDICAL CENTER, | |
| Defendants. | |

Before the Court are Defendant Providence St. Joseph Medical Center's ("Providence") Fed. R. Civ. P. 56 motion for summary judgment, and Defendant Joel Shearer's ("Shearer") separate Rule 56 motion for summary judgment. Despite the extension of time the Court granted Plaintiff Charles Theis, appearing pro se, he has failed to file responses to the referenced motions. For the reasons discussed, the Court recommends the summary judgment motions be granted.

**I. Background**

This action has its genesis in events that allegedly occurred when Theis was incarcerated at the Lake County Detention Center in 2017. Shearer is a Captain employed at the detention center. Providence operates a health care facility, and it provides health care for individuals incarcerated at the detention center. Providence

employs Lou Brenner, a physician's assistant, to provide medical treatment to those inmates.

Primarily, Theis asserts he was deprived of adequate medical care during his incarceration in violation of his federal constitutional rights. Specifically, he alleges Shearer and Providence failed to provide him adequate medical care for a broken foot, an abscessed tooth, and broken teeth. He also alleges he experienced skin and respiratory problems due to mold at the facility.

Theis further alleges his constitutional rights were violated in July, 2017, when correctional officers forced him, and other inmates, to crawl on their hands and knees at gun point. Finally, he advances a claim alleging Defendants are liable for negligence under Montana law.

Theis's federal claims invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1331. And the Court possesses supplemental jurisdiction over his negligence claims advanced under Montana law as provided by 28 U.S.C. § 1367(a).

## II. Applicable Law

### A. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for

2

summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). A party opposing summary judgment must identify evidence establishing that a dispute as to a particular material fact is genuine. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Theis's failure to respond to the summary judgment motions does not, by itself, provide the Court with authority to grant the motions. *See Evans v. Independent Order of Foresters*, 141 F.3d 931, 932 (9th Cir. 1998). Rather, the Court is independently obligated to "carefully evaluate[]" whether there exist genuine issues of material facts which would preclude summary judgment. *See Cristobal v. Siegel*, 26 F.3d 1488, 1495 n.4 (9th Cir. 1994). Even in the absence of a response from the non-moving party, the moving party still bears the burden of demonstrating its entitlement to judgment as a matter of law. *Id*. Nonetheless, a court can grant an unopposed summary judgment motion if the movant's papers do

3

not reveal a genuine issue of material fact, and are themselves sufficient to warrant summary judgment. *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1520 ((9th Cir. 1995), rev'd on other grounds sub nom, *Degen v. United States*, 517 U.S. 820 (1996).

### B. Pro Se Pleadings

Because Theis is proceeding pro se the Court must construe his pleading liberally, and "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). With respect to Defendants' summary judgment motions, the Court must afford Theis's pro se documents "the benefit of any doubt[.]" *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999).

## III. Discussion

### A. Conditions of Confinement and Medical Care – Pretrial Detainees

A Montana Highway Patrol Trooper arrested Theis on May 8, 2017, pursuant to an arrest warrant. The Trooper transported Theis to the Lake County Detention Center. Thus the record indicates Theis was held at the detention center as a pretrial detainee.

A pretrial detainee's rights relative to conditions of confinement and the receipt of medical care are addressed under the due process clause of the

Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). Jailers are required to provide inmates with constitutionally adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

A pretrial detainee's claims under the Fourteenth Amendment for alleged violations of the right to receive adequate medical care "must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The necessary elements of a Fourteenth Amendment medical care claim require a plaintiff to establish the following:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. Under the third element above, "the defendant's conduct must be objectively unreasonable" which must be determined under the facts and circumstances of each case. *Id.* (citation and quotation omitted). And a defendant's "mere lack of due care" does not unconstitutionally deprive a detainee of the degree of medical care required by the Fourteenth Amendment – the plaintiff

"must prove more than negligence but less than subjective intent – something akin to reckless disregard." *Id*. (citation and quotation omitted).

In support of his motion for summary judgment Shearer filed copies of Theis' various written requests for medical attention which Theis submitted while he was incarcerated at the Lake County Detention Center. But none of the requests he submitted asked for medical care for his foot – Theis did not identify any problems with his foot in his medical requests. Theis admits he did not complain to Providence's Physician's Assistant, Lou Brenner, about any foot problems, and he admits he has no evidence that his foot was actually fractured. (Doc. 55-2 at 11-12 of 16.) Thus, there exists no evidence in the record of this case that either Lou Brenner, Providence, or Shearer received notice that Theis's foot was injured and needed medical attention. Absent evidence of a foot injury and Theis's request for medical care for his foot, the Court finds Defendants' summary judgment moving papers establish the absence of a genuine issue of material fact disputing the facts which demonstrate that Brenner, Providence and Shearer were not aware of a foot condition that put Theis at substantial risk of serious harm. There exists no evidence that Brenner, Providence, or Shearer made an intentional decision regarding an alleged foot condition, or that they failed to take reasonable action to abate a foot condition Theis now alleges he had.

With respect to Theis's dental problems the record reflects that he submitted various written requests for dental treatment for his teeth. On May 26, 2017, Theis reported he had a tooth that was broken off at the gum line. (Doc. 59.) But Lou Brenner, P.A. provided him with medication for his condition. (*Id*.)

On May 28, 2017, Theis again submitted a written complaint about his tooth. (Doc. 60.) But again, Lou Brenner provided Theis with medication. (*Id*.)

On May 29, 2017, Theis reported experiencing "dental pain." (Doc. 62.) Lou Brenner provided him with Clindamycin and Ibuprofen. (*Id*.)

Brenner, or other personnel at Lake County Detention Center, put Theis on a list to see the dentist about his teeth. But Theis was transferred to the Missoula County Detention Center before he could see the dentist.

Theis admitted in his deposition that the treatment Brenner provided Theis for his dental conditions was reasonable and appropriate – Theis admits he has no criticisms regarding Brenner's treatment of him. (Doc. 55-2 at 9 of 16.)

Based on the foregoing, because the undisputed evidence reflects Brenner treated Theis's dental conditions, there is no evidentiary materials of record raising a genuine issue suggesting Brenner and Providence failed to take reasonable measures to address Theis's problems with his teeth. Accordingly, Providence is not liable under the Fourteenth Amendment.

And similar to Theis's allegations regarding his foot, there exists no evidence in the record that Theis notified Shearer of his need for any dental care. Instead, the only requests for dental care were delivered to Brenner, and the evidence establishes that Brenner provided treatment following each of Theis's requests for attention to his dental needs. Thus, there is no evidentiary material in the record that raises a genuine issue suggesting Shearer was actually aware of a serious dental need Theis had, that Shearer made any decision with respect to Theis's dental needs, or that Shearer failed to take reasonable measures to treat any dental needs.

Finally, Theis's allegations suggest he experienced medical problems at the Lake County Detention Center due to mold. But as Shearer asserts in his briefing, the record in this case contains no evidence that Theis notified Shearer, or any other Lake County officer or employee, that he was exposed to mold at the detention center. Although Theis was transferred out of the Lake County Detention Center in August, 2017, Shearer submitted his affidavit testimony demonstrating that in November, 2017, a Lake County Environmental Health inspector visited the detention center and found no mold. (Doc. 55-3 at 5 and 35 of 35.) Absent evidence demonstrating Shearer was notified of an exposure to mold as Theis now alleges, there exists no evidentiary material in the record suggesting Shearer knew Theis was exposed to a substantial risk of harm and that Shearer chose not to take

reasonable measures to address that harm. Therefore, Theis's claims regarding his exposure to mold fail as there exists no evidentiary material raising a genuine issue as to the existence of mold – there is no evidence that mold existed at the detention center when Theis was incarcerated there.

### B. Excessive Force – Pretrial Detainees

Theis alleges Shearer, or correctional officers at the Lake County Detention Center made him crawl on his hands and knees at gun point. To prove a claim of excessive force used against a pretrial detainee, the plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015).

Shearer filed his affidavit in which he explains the circumstances to which Theis's allegations refer. On June 30, 2017, officers at the Lake County Detention Center found a shank in the pod of the detention center where Theis was held. Consequently, officers conducted a "shakedown" of the pod on July 5, 2017, to search for other possible weapons. For safety reasons, and to maintain control of the inmates in the pod, the officers ordered the inmates to get down on the floor and to crawl on their hands and knees to the recreation room. (Doc. 55-3 at ¶ 24.) But none of the officers possessed or used firearms to conduct the shakedown, or to force the inmates to crawl on their hands and knees. (Doc. 55-3 at ¶ 22.) There is no evidence in the record to suggest the officers actually used firearms against

Theis. Therefore, the degree of force purposely or knowingly used against Theis was not as he alleges. Since the officers did not hold Theis at gun point, there exists no genuine issue of material fact suggesting the officers acted objectively unreasonable in the manner Theis alleges. Thus, Theis's claim for the excessive use of force is subject to dismissal.

### D. State Law Claims - Supplemental Jurisdiction

As noted, Theis's allegations advance claims of negligence under Montana law. But since the Court recommends dismissal of all of Theis's federal claims, i.e. his claims under 42 U.S.C. § 1983, the Court further concludes it should exercise its discretion to decline supplemental jurisdiction over his remaining state law claims.

Federal law provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of

factors[...] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Theis's claims under Montana law are matters of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana. Therefore, because the Court recommends dismissal of Theis's federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

Based on the forgoing, IT IS HEREEBY RECOMMENDED that Defendants Shearer and Providence's summary judgment motions be GRANTED, and this action be DISMISSED.

Dated this 28th day of August, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge